850

cites a pivoting structure for the "exit gate means" like the neck clamp with pivoting exit gate side portions disclosed in the specification, the doctrine of claim differentiation does not negate the conclusion mandated by the statute that claim 30 is limited to the neck clamp structure described in the specification and equivalents thereof.

We also affirm the district court's conclusion that Parasal's chute does not literally infringe claim 30 because it does not have the claimed structure or an equivalent thereof.* Parasal's chute performs the same function as that required by claim 30: immobilizing the animal. Parasal's horizontally sliding gate is not, however, structure equivalent to a gate that pivots about a vertical axis. Mollhagen distinguished the latter structure as superior to the prior art because the pivoting action avoided "causing the animal to panic as the exit gate side portions are closed." '923 patent, col. 8, II. 33–34. Mollhagen now inconsistently argues equivalence between the purportedly superior claimed pivoting structure and a horizontal sliding gate that was known in the art. Because no reasonable fact-finder would agree with Mollhagen's about-face equivalence arguments, we affirm the district court's determination that Parasal's chute does not literally infringe claim 30 as a matter of law.

Finally, we affirm the court's conclusion that there is no genuine issue of material fact regarding infringement of claim 30 under the doctrine of equivalents. Although Parasal's chute performs the same function as the claimed invention, i.e., immobilizing the animal, and yields the

same result, i.e., an immobilized animal, it does not do so in substantially the same way. As we have discussed above, and as the specification itself makes clear, the claimed pivoting structure is characterized as a novel feature of the invention. We therefore, like the district court, decline to equate the way that the claimed structure immobilizes an animal with the movement of Parasal's horizontally sliding gates, which were known in the art.

Because the district court accurately construed the claim terms and correctly concluded that Parasal's chutes do not infringe as a matter of law, we affirm.

**COMMONWEALTH OF PUERTO RICO, Department of Labor and Human Resources, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 01–5101.

United States Court of Appeals, Federal Circuit.

Aug. 7, 2001.

ORDER

The parties having so agreed, it is

* We do not separately address infringement of claim 34 because it depends from claim 30. See Jeneric/Pentron, Inc. v. Dillon Co., Inc., 205 F.3d 1377, 1383, 54 USPQ2d 1086, 1090 (Fed.Cir.2000) (stating the fundamental principle that dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed).

ORDERED that the proceeding is DIS-MISSED under Fed. R.App. P. 42(b).

**Vernice L. YAHLE, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

No. 01–3285.

United States Court of Appeals,
Federal Circuit.

Aug. 7, 2001.

ORDER

The petitioner having filed the required Statement Concerning Discrimination, it is

ORDERED that the order of dismissal and the mandate be, and the same hereby are, VACATED and RECALLED, and the petition for review is REINSTATED.

Petitioner's brief is due within 60 days from the date of filing of this order.

**The MEAD CORPORATION,**
**Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 98–1569.

United States Court of Appeals,
Federal Circuit.

Aug. 7, 2001.

Before NEWMAN, RADER, and SCHALL, Circuit Judges.

ORDER

The court having received a certified copy of the judgment from the clerk of the Supreme Court in *United States v. Mead Corporation,* 533 U.S. 218, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001), the mandate is recalled, and the appeal is reinstated.

IT IS ORDERED THAT:

(1) New briefs shall be filed, with particular attention paid to the Supreme Court decision.

(2) Each party shall file a brief of no more than 20 pages, within 30 days of the date of filing of this order. The court sua sponte allows amicus briefs. An original and 11 copies shall be filed, and two copies shall be served on opposing counsel.